CRAVEN G. FIFE, APPELLANT, VS. WILLIAM U. TURNER, APPELLEE.

1. The Ordinance of the Convention, adopted Nov. 7th, 1865, is applicable to suits upon all contracts made during the war, whether express or implied, written or verbal.

2. It does not annul or defeat such contracts, or any existing obligation, but gives additional rules of evidence to enable the Courts to construe these contracts according to the intention of the parties at the time.

3. The words " or consideration contemplated," refer to service, hire, money loaned, or to anything not being property that would in law be regarded as a valuable consideration.

4. When a contract contemplated payment in Confederate Notes, the defendant may prove the value at which they were estimated at the time of the formation of the contract.

5. It is error to direct the jury to find the value of Confederate Notes at the date of the contract, when there is no evidence before the Court that such value was estimated and agreed upon by the parties.

Appeal from Leon Circuit Court.

This case was decided at Tallahassee.

*A statement of the case is contained in the opinion of the Court.

*A. J. Peeler* for Appellant.

*R. B. Hilton* for Appellee.

BAKER, J., delivered the opinion of the Court.

This is an action of assumpsit, commenced in the Circuit Court of Leon county. The plaintiff in his declaration alleges, " that the defendant, on the 22d day of April, 1864, by his promissory note, now over due, promised to pay the plaintiff one thousand dollars on the 1st day of Jan'y next thereafter, but did not pay the same;" and for that the defendant was indebted to the plaintiff for work and labor done,

and service rendered as an Attorney at Law, on the 1st day of January, 1865," and for particulars of demand files copy of note:

"On the 1st day of January next, I promise to pay to C. G. Fife, or bearer, one thousand dollars, with eight per cent. interest after maturity, value received.    22d of April, 1864.

[Signed,]                                WM. U. TURNER."

The pleas filed by defendant's counsel are—

1st. General issue.  2d.  *Nil debet.*  3d and 4th special pleas alleging that the consideration contemplated in the contract was Confederate Treasury Notes, at the value of said notes at the date of the contract.   The fourth plea was sworn to by defendant.

The plaintiff accepted the issue thus tendered and proceeded to trial.

The counsel for plaintiff asked the court to instruct the jury, "That if they believe from the evidence that the consideration contemplated by the parties to said contract was the professional services of and work and labor of the plaintiff for the defendant, and that it was for this that said note was given, then the jury, in making up their verdict, shall take into consideration the value of such services, regarding the whole equities of the case, and render such verdict as they should deem right, not being governed by any fixed standard of other article of commerce."   Which instruction the court refused, but instructed the jury as follows: "This is a suit upon a promissory note, payable to plaintiff, for the sum of one thousand dollars.   It is agreed by the counsel for the parties, that the note was payable in Confederate money.   The parties themselves have fixed the value of the consideration in Confederate money, of which the face of the note is evidence.   It is incumbent upon the jury to find the value of Confederate money at the date of the note, and

render a verdict for the plaintiff for that amount." To which refusal to give the instructions asked, as well as to the instructions given, the counsel for the plaintiff excepted and appealed to this court.

This case involves the construction of the ordinance of Convention in reference to contracts made during the war, adopted Nov. 7th, 1865:

"*Be it ordained by the People of the State of Florida in Convention assembled*, That in all proceedings in the courts of this State, founded upon a contract or contracts, made and entered into during the late war between the United States and the late Confederate States, the courts are hereby authorized to admit testimony as to the value of the property, or consideration contemplated by the parties to said contracts, and to instruct the jury to find accordingly: *Provided*, That the defendant shall allege by plea under oath, and prove to the satisfaction of the jury, that the currency contemplated in payment of said contract or contracts was Confederate or State Treasury Notes, or upon what basis the consideration or the value of the property or its use, which was estimated at the time of the formation of said contract or contracts."

The construction of this ordinance is not without difficulty, arising from the peculiar and obscure mode of expression adopted; but upon a close examination of all its parts, and by applying the well known rules of construction, considering the mischief existing in the law, and the remedy contemplated, we believe we have arrived at a conclusion that will fully carry out the intention of the Convention, and that is a fair and just interpretation of the language used.

The ordinance was evidently intended to apply to suits upon all contracts made during the war, whether express or implied, written or verbal. If extended to implied contracts only, it would be useless and unnecessary, for no one will deny that upon an implied contract for property or ser-

vices the value can be recovered by suit at any time before it is barred by the statute of limitations.

By this application of the ordinance to contracts generally, it is not intended to annul or defeat such contracts, or to impair any existing obligation, but to give additional rules of evidence, to enable the courts to construe the contracts and enforce them in accordance with the intention and understanding of the parties at the time, so far as may be possible under all the circumstances and difficulties arising from extrinsic facts.

It will be admitted that to carry out the contracts made during the war, by enforcing the performance according to the strict interpretation of the express agreement, would involve very great hardship. Extrinsic circumstances have intervened, values have changed, and what was then considered valuable is now worthless, so that it would be difficult, if not impossible, under the strict rules of evidence, to construe and carry out such contracts in the courts of justice according to the original intention of the parties.

The authority given to admit testimony as to the "value of the property" is clear, and needs no comment. The words that follow—"or consideration contemplated"—evidently refer to services rendered, hire, rent, or money loaned, or to anything not being property, that would in law be regarded as a valuable consideration. This construction is strengthened by the occurrence of the word "*use*" in the subsequent part of the ordinance.

The manner of conducting the defence is directed and defined in the proviso. The defendant is required to file his plea under oath; to allege and "prove to the jury that the currency contemplated in the payment of the contract was Confederate or State Treasury Notes; or upon what basis the consideration or the value of the property, or its use, *which was estimated at the time* of the formation of the contract."

The ordinance here regards Confederate Notes as commodity or merchandize, the value of which was the proper subject of agreement between the parties, and permits proof of such agreement to be offered, for the purpose of fixing the value of the property or services for which such Treasury Notes seem to have been given in payment; but it neither regards them as a basis of value, nor authorizes the jury to fix their value at the date of the contract.

In the case before us, the plaintiff swears that his services were worth five hundred dollars, one-half of the amount of his note, which he admits was payable in Confederate Notes. In absence of other proof, he would be entitled to a verdict for that amount, as the value of the services "or *consideration contemplated;*" but the defendant may, by way of defence, prove that the Confederate Notes contemplated in payment "*were estimated at the time* of the formation of the contract," and that they were valued by the parties at a discount, understood and agreed upon between them; or if he could prove that the plaintiff estimated his services at fifty dollars, and upon that basis the note was given, this would be a good defence within the meaning of the ordinance. The plaintiff is permitted to prove the value of his property, or consideration contemplated, when there is no better basis of valuation than Confederate Notes. But if it can be discovered and proven that there was a certain basis or estimated value agreed upon by the parties, such agreement or contract must prevail. To admit that when the parties to a note contemplated the payment in Confederate Notes, they fixed the value of the consideration, would be to defeat the intention as well as the express provisions of the ordinance. It was against the injustice of such construction the Convention intended to provide. Confederate Notes had no fixed value, and it would be unjust to fix the value of anything else by such a standard.

The testimony of Mr. Fife shows that these notes differed

in value when applied to different objects, or used for different purposes. If used for the payment of labor or services, the discount was small—not more than one-half; if for the purchase of gold, judging from the verdict of the jury in this case, in finding their value at the date of defendant's note, the discount was about twenty to one. It was in view of such uncertainty that the Convention rejected these notes as a standard of value, and whenever they were contemplated in payment of a contract, refused to permit the defendant to introduce evidence of their market value, at any time or place, but required him to prove that they " were estimated at the time of the formation of the contract," and the amount thus estimated and agreed upon by the parties; or, in default of such proof, he will be liable to pay the " value of the property or consideration contemplated," as fixed by the jury upon the evidence in the case.

It will be seen that the learned Judge of the Circurt, in his charge to the jury, adopts a different construction of the ordinance, and we are of the opinion that he erred in directing the jury " to find the value of Confederate money at the date of the note," there being no evidence before the court that such value was estimated and agreed upon by the parties at the time.

It is ordered that the judgment be reversed and a new trial awarded.